**STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARMING BEATS LLC, | Case 1:22-cv-07337-AKH |
| Plaintiff, | ECF Case |
| v. | Judge Alvin K. Hellerstein |
| CRUISE LLC, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>CRUISE LLC'S MOTION TO DISMISS AMENDED COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ...................................................................................................1

II.  RELEVANT FACTUAL BACKGROUND..........................................................2

III. ARGUMENT .........................................................................................................3

    A.  The amended complaint should be dismissed for lack of personal jurisdiction
        because Cruise has no presence in the district. ...................................................3

        1.  Cruise is neither incorporated in New York nor maintains its principal place of
            business in New York, and Charming Beats has not established that the Court
            has general jurisdiction over Cruise................................................................4

        2.  Charming Beats has not established that the Court has specific jurisdiction
            over Cruise under New York's long-arm statute, because it has failed to show
            sufficient contacts between Cruise, the alleged infringement, and New York. ............6

    B.  The amended complaint should be dismissed due to improper venue, because
        Cruise does not reside in and cannot be found in New York............................................10

    C.  The amended complaint also fails state a claim upon which relief can be granted,
        because the well-pleaded allegations do not render the claims plausible.........................12

    D.  Dismissal should be ordered without leave to amend.......................................................16

IV. CONCLUSION.......................................................................................................17

SEPARATELY FILED SUPPORTING DOCUMENTS

    1.  Declaration of Lissette Lastra

        a.  Exhibit 1 - Cruise's California Secretary of State Statement of Information filed
            May 18, 2022

        b.  Exhibit 2 - Cruise's website at https://getcruise.com/rides/, last accessed
            September 14, 2022.

        c.  Exhibit 3 - Screenshot of Cruise's LinkedIn page

        d.  Exhibit 4 - Screenshot of Cruise's Twitter page

    2.  Declaration of Oliver Cameron (previously filed, ECF No. 19)

3.  Declaration of Elizabeth Dinh

    a.  Exhibit 1 - Voyage's California Secretary of State Statement of Information filed June 25, 2021

    b.  Exhibit 2 - Voyage's California Secretary of State Statement of Information filed March 30, 2020

    c.  Exhibit 3 - Voyage's website as it appeared on March 3, 2021, archived at https://web.archive.org/web/20210303053933/https://voyage.auto/communities/, last accessed September 14, 2022

    d.  Exhibit 4 - Screenshot of Voyage's LinkedIn page

    e.  Exhibit 5 - Screenshot of Voyage's Twitter page

    f.  Exhibit 6 - Screenshot of Voyage's Facebook page

    g.  Exhibit 7 - Screenshot at the time stamp 23:43 of the YouTube website corresponding to the URL identified in paragraph 42 of the amended complaint

    h.  Exhibit 8 - Article corresponding to the URL identified in the first paragraph of exhibit 7 to the amended complaint

    i.  Exhibit 9 - Charming Beats' Florida Secretary of State Entity details accessed September 19, 2022

    j.  Exhibit 10 - Charming Beats' Florida Secretary of State articles of organization filed March 4, 2021

    k.  Exhibit 11 - Charming Beats' Florida Secretary of State annual report filed June 15, 2022

    l.  Exhibit 12 - New York Secretary of State search results for any entities containing the word "Charming" in their name website, last accessed September 19, 2022

    m.  Exhibit 13 - Redline showing changes between Cruise's Memorandum of Law in Support of Motion to Dismiss (ECF No. 15) and the present Memorandum of Law

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*,
   326 F. Supp. 2d 525 (S.D.N.Y. 2004) ........................................................................... 10

*Aluminal Indus., Inc. v. Newtown Com. Assocs.*,
   89 F.R.D. 326 (S.D.N.Y. 1980) .................................................................................... 10

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) ......................................................................................... 15

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   171 F.3d 779 (2d Cir. 1999) ........................................................................................... 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................... 12

*Brought to Life Music, Inc. v. MCA Recs., Inc.*,
   No. 02 CIV. 1164 (RWS), 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003)....................... 13

*Brown v. Lockheed Martin Corp.*,
   814 F.3d 619 (2d Cir. 2016) ....................................................................................... 5, 6

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
   69 F. Supp. 3d 342 (S.D.N.Y. 2014) .......................................................... 5, 8, 12, 15

*Carte v. Parkoff*,
   543 N.Y.S.2d 718 (App. Div. 1989)............................................................................... 8

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)........................................................................................................ 5

*Demalco Ltd. v. Feltner*,
   588 F. Supp. 1277 (S.D.N.Y. 1984) ............................................................................. 12

*Energy Brands Inc. v. Spiritual Brands, Inc.*,
   571 F. Supp. 2d 458 (S.D.N.Y. 2008) ........................................................................ 8, 9

*Foman v. Davis*,
   371 U.S. 178 (1962)...................................................................................................... 16

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,
   443 F.2d 1159 (2d Cir. 1971). ...................................................................................... 15

*Hermann v. Sharon Hosp., Inc.,*
    522 N.Y.S.2d 581 (App. Div. 1987) ........................................................................ 8

*In re Petrobras Sec. Litig.,*
    393 F. Supp. 3d 376 (S.D.N.Y. 2019) ................................................................. 5, 6

*Karoon v. Credit Suisse Grp. AG,*
    No. 15-CV-4643 (JPO), 2016 WL 815278 (S.D.N.Y. Feb. 29, 2016) ........................ 4, 6, 7, 10

*Khan v. Emerald Operating Partners, LLC,*
    No. 19-CV-9597 (JSR), 2020 WL 85387 (S.D.N.Y. Jan. 2, 2020) ........................................ 7

*Khanal v. Sheldon,*
    851 N.Y.S.2d 59 (Table), 2007 WL 2850994 (Sup. Ct. 2007), *aff'd as modified,* 867
    N.Y.S.2d 460 (App. Div. 2008) .......................................................................... 10

*Lancaster v. Colonial Motor Freight Line, Inc.,*
    581 N.Y.S.2d 283 (App. Div. 1992) ......................................................................... 6

*Lefkowitz v. John Wiley & Sons, Inc.,*
    2014 WL 2619815 (S.D.N.Y. June 2, 2014) ........................................................... 15

*Mareno v. Rowe,*
    910 F.2d 1043 (2d Cir. 1990) ................................................................................ 8

*Marvullo v. Gruner & Jahr,*
    105 F. Supp. 2d 225 (S.D.N.Y. 2000) ................................................................... 15

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,*
    84 F.3d 560 (2d Cir. 1996) ................................................................................... 4

*Palmer Kane LLC v. Scholastic Corp.,*
    No. 12 CV 3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ................................... 13, 14, 15

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,*
    507 F.3d 117 (2d Cir. 2007) ................................................................................ 12

*Roberts v. Keith,*
    No. 04 Civ. 10079 (CSH), 2007 WL 2712853 (S.D.N.Y. Sept. 18, 2007) ...................... 11

*Sae Han Sheet Co. v. Eastman Chem. Corp.,*
    2017 WL 4769394 (S.D.N.Y. Oct. 19, 2017) ............................................................. 4

*Sonera Holding B.V. v. Çukurova Holding A.Ş.,*
    750 F.3d 221 (2d Cir. 2014) ............................................................................... 4, 5

*Sullivan v. Ringling Coll. of Art & Design, Inc.,*
    No. 19-CV-1302 (RA), 2019 WL 6529823 (S.D.N.Y. Dec. 4, 2019) ............................... 9

*United Bank of Kuwait v. James M. Bridges, Ltd.,*
    766 F. Supp. 113 (S.D.N.Y. 1991) ................................................................. 9

*Zeitlin v. Palumbo,*
    532 F. Supp. 3d 64 (E.D.N.Y. 2021) ............................................................. 13

**Statutes**

28 U.S.C. § 1391 ................................................................................................ 11

**Rules**

Fed. R. Civ. P. 8 ................................................................................................ 14

Fed. R. Civ. P. 12 ........................................................................... 1, 3, 10, 12, 17

Fed. R. Civ. P. 15 ............................................................................................. 16

N.Y. C.P.L.R. § 301 ........................................................................................... 4

N.Y. C.P.L.R. § 302 ..................................................................................... 7, 8, 9

Defendant Cruise LLC ("Cruise") respectfully submits this memorandum of law in support of its motion to dismiss the amended complaint (ECF No. 22) filed by Plaintiff Charming Beats, LLC ("Charming Beats"). The amended complaint should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The amended complaint also is subject to dismissal for improper venue pursuant to Rule 12(b)(3), and also fails to state a claim pursuant to Rule 12(b)(6).

## I.       INTRODUCTION

Charming Beats has sued Cruise for actions allegedly taken in 2020 by another company—Voyage—that later became an affiliate of Cruise. Cruise is not present in New York, and the conclusory allegations in the amended complaint that suggest otherwise are incorrect. Personal jurisdiction thus is lacking and the amended complaint should be dismissed pursuant to Rule 12(b)(2).

Moreover, Charming Beats does not allege any well-pleaded, uncontroverted facts that would render venue proper in this district. Charming Beats fails to allege, for example, that the acts of purported copyright infringement occurred in the district. To the contrary, Charming Beats admits that the acts giving rise to the amended complaint were "committed outside of the state." Venue is thus improper, and the amended complaint is also subject to dismissal pursuant to Rule 12(b)(3).

Finally, the amended complaint fails plausibly to a state a claim upon which relief can be granted and is subject to dismissal pursuant to Rule 12(b)(6). The Court should not reach this defense, however, unless it asserts personal jurisdiction over Cruise and finds that venue is proper. In brief, however, the amended complaint fails to allege any purportedly infringing conduct with plausible factual support.

## II.    RELEVANT FACTUAL BACKGROUND

Charming Beats asserts that in March 2020, Voyage Auto, Inc.[1] created an advertisement that included the 4BC recording. Am. Compl. ¶ 38. According to Charming Beats, that video reproduced the 4BC recording "without license or authority." Am. Compl. ¶¶ 18–19, 38–39. Charming Beats appears to acknowledge that the video has not been viewable at that website since early 2021—long before this lawsuit was filed. *See id.* ¶ 36 (alleging Cruise "purchased and otherwise took control" of Voyage in May 2021); *id.* ¶ 43 (alleging video was available for eight months after Cruise purportedly purchased Voyage—until about January 2022).

Charming Beats next alleges that a video posted to YouTube *by someone else* includes, in a brief portion of a video that is over forty-one minutes in length,[2] the advertisement that Voyage made. *Id.* ¶ 42. Charming Beats asserts that Voyage distributed the advertisement to this person, and that this purportedly was for the purpose of posting the advertisement to YouTube. *Id.* ¶ 41. Charming Beats alleges that the video "is still active and available to the public," seemingly referring to this *other person's* video on YouTube. *See id.* ¶ 49.

The only named defendant in this case is Cruise. *See* Am. Compl. ¶ 32. Cruise is incorporated in Delaware with its principal place of business in California. Am. Compl. ¶¶ 32, 35–36. It has no offices or operations in New York. *See* Declaration of Lissette Lastra ¶¶ 6, 11.[3] In or about May 2021, GM Cruise Holdings LLC acquired Voyage, and as a result Cruise and

---

[1] Charming Beats specifically identifies an entity named "Voyage LLC," but the company is actually named Voyage Auto, Inc.

[2] The length of the video can be ascertained by visiting the URL identified in the amended complaint. *See id.* ¶ 42

[3] Cruise's principal place of business is and has always been in California. Its secretary of state filings, website, and social media pages show and have always shown that its principal place of business is in California. Lastra Decl. ¶ 5 & Ex. 1. All of its directors, executives, the majority of its employees, and nearly all of its operations are located in California. *Id.* ¶ 10.

Voyage are now affiliates. Am. Compl. ¶ 36; ECF No. 19 ¶ 7 (Declaration of Oliver Cameron)

Voyage is a Delaware corporation that has never done business in New York. Cameron Decl.

¶ 6. [4]

Charming Beats first filed suit on August 29, 2022. ECF No. 1. Cruise moved to dismiss

the original complaint on September 20, 2022. ECF Nos. 14–15. [5] Rather than oppose the motion,

Charming Beats filed the amended complaint the following day, on September 21, 2022. ECF

No. 22.

## III.    ARGUMENT

### A.    The amended complaint should be dismissed for lack of personal jurisdiction because Cruise has no presence in the district.

The amended complaint does not establish personal jurisdiction over Cruise. Charming

Beats alleges Cruise maintained a headquarters at 250 Hudson Street and operates from General

Motors' offices in Manhattan. Am. Compl. ¶¶ 3, 6. This is incorrect. Cruise does not occupy and

has never occupied an office at 250 Hudson Street, and its lease to that space terminated last

year. Lastra Decl. ¶ 12. Further, Cruise has never operated out of Manhattan, whether from

General Motors' offices or otherwise. *Id.* ¶ 13. Cruise does not do business in New York and is

not registered to do business in New York. *Id.* ¶ 14.

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff

bears the burden of establishing the basis for jurisdiction. *Metropolitan Life Ins. Co. v.*

---

[4] Charming Beats has not sued Voyage. But, like Cruise, Voyage's secretary of state filings, website, and social media pages show and have always shown that its principal place of business is in California. Dinh Decl. ¶ 3 & Exs. 1–2. And, all of Voyage's directors, executives, and the most of its employees are located in California. Cameron Decl. ¶ 5. It has only ever operated in California and Florida, not New York. *Id.* ¶ 6.

[5] At the direction of the Clerk, Cruise subsequently re-filed the motion. *See* ECF Nos. 17–21.

*Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). To avoid dismissal on this basis, "a plaintiff must make a prima facie showing of personal jurisdiction over all defendants." *Karoon v. Credit Suisse Grp. AG*, No. 15-CV-4643 (JPO), 2016 WL 815278, at *2 (S.D.N.Y. Feb. 29, 2016). The Court "need not accept as true allegations controverted by the defendant's affidavits, nor need it accept a legal conclusion couched as a factual allegation." *Id.* (internal citations and quotation marks omitted). As a general rule, "conclusory non-fact-specific jurisdictional allegations" are insufficient to overcome a motion to dismiss for lack of personal jurisdiction. *Id.*

Personal jurisdiction in federal court first requires that "the laws of the forum state permit exercise of jurisdiction." *Sae Han Sheet Co. v. Eastman Chem. Corp.*, 2017 WL 4769394, at *3 (S.D.N.Y. Oct. 19, 2017). "In New York, jurisdiction may be established over a defendant by general jurisdiction under New York Civil Practice Law and Rules ('CPLR') § 301, or specific jurisdiction under § 302." *Id*. Section 301 provides for "general jurisdiction . . . where a company has engaged in such a continuous and systematic course of doing business in New York that a finding of its presence in New York is warranted." *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 224 (2d Cir. 2014) (internal citations and quotation marks omitted). Courts must then determine whether the exercise of such personal jurisdiction comports with the requirements of due process. *Id*. The amended complaint is bereft of any well-pleaded and uncontroverted facts that would allow the Court to exercise personal jurisdiction over Cruise.

### 1. Cruise is neither incorporated in New York nor maintains its principal place of business in New York, and Charming Beats has not established that the Court has general jurisdiction over Cruise.

Charming Beats does not appear to allege that the Court has general jurisdiction over Cruise. *See* Am. Compl. at ¶ 2 (section titled "SPECIFIC JURISDICTION"). In any event, general jurisdiction has not been established.

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General jurisdiction is appropriate "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State." *Id.* And "except in a truly 'exceptional' case," those limitations will be only where a business "is incorporated or maintains its principal place of business," *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (relying on *Daimler*).

Charming Beats admits that Cruise's principal place of business is in California. Am. Compl. ¶ 32. However, it alleges that Cruise had "a" headquarters in New York, at 250 Hudson Street until December 21, 2021, that it previously "was properly domiciled in this judicial district," and that it operates in New York through General Motors' office in Manhattan. *Id.* ¶¶ 3, 6, 25. These allegations are conclusory and incorrect. *See* Lastra Decl. ¶¶ 4, 7, 11–14. Cruise never occupied the 250 Hudson Street building, and its lease for that location terminated on December 31, 2021. *Id.* ¶ 12. Cruise has never operated out of Manhattan. *Id.* ¶ 13.

Even had Cruise occupied offices in New York when the lawsuit was filed (which it did not), that would not have rendered it "essentially at home" in New York, such that general jurisdiction exists. *See In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 382 (S.D.N.Y. 2019); *Sonera*, 750 F.3d at 226 (defendant not essentially at home in New York even though it, among other things, engaged in negotiations with New York based companies, offered items on New York Stock Exchange, and had a New York office); *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 350 (S.D.N.Y. 2014) (bare allegation of principal place of business in New York is insufficient, especially in the face of contrary testimony).

For a business that "is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" *Brown*, 814 F.3d at 629. "[E]ven extensive business contacts such as significant physical infrastructure and thousands of employees in a particular state do not constitute such an exceptional case." *Petrobras*, 393 F. Supp. 3d at 382. Here, Charming Beats fails even to allege facts that could possibly overcome the "heavy burden" of showing this is a "truly exceptional" case, such that the Court should exercise general jurisdiction over Cruise.

      **2.**      **Charming Beats has not established that the Court has specific jurisdiction over Cruise under New York's long-arm statute, because it has failed to show sufficient contacts between Cruise, the alleged infringement, and New York.**

Charming Beats fails plausibly to allege that Cruise has engaged in any affirmative conduct that relates to the claims. Necessarily, then, specific jurisdiction over Cruise is lacking. "Specific jurisdiction subjects a defendant to suit only on claims that arise from conduct related to the forum." *Karoon*, 2016 WL 815278, at *2 (citation and quotation marks omitted). Contacts with the state must be judged "at the time when the action was commenced." *Lancaster v. Colonial Motor Freight Line, Inc.*, 581 N.Y.S.2d 283, 286 (App. Div. 1992). "This is crucial to the concept of 'presence' upon which the jurisdiction is based, since the defendant corporation must be 'here' and therefore subject to the state's power, at the very time of the exercise of the jurisdiction itself." *Id.*

Charming Beats alleges that *Voyage* created an advertisement *in 2020*, and that *Voyage* had some unexplained connection to a video posted to YouTube *in 2020*. *See* Am. Compl. ¶¶ 38, 41. Charming Beats alleges that Cruise *purchased* Voyage *in 2021*. *Id.* ¶ 36. Charming Beats alleges that Voyage is "now CRUISE," *id.* ¶ 38, but offers no *facts* to support that bare conclusion. To the contrary, Voyage is an *affiliate* of Cruise. Cameron Decl. ¶ 7. The Court can

and should disregard Charming Beats' counterfactual conclusory allegation. *Karoon,* 2016 WL 815278, at *2. Because Charming Beats fails to allege any nonconclusory factual basis that renders it plausible that *Cruise* has any connection to any of the well-pleaded facts, the Court lacks personal jurisdiction over Cruise.

Moreover, the facts would not support an exercise of personal jurisdiction over *Voyage,* even had it been sued. New York law permits personal jurisdiction over a non-domiciliary in only four limited circumstances where the defendant: (1) transacts business within the state or contracts to supply goods or services in the state; (2) commits a tortious act within the state; (3) commits a tortious act outside the state that causes injury to person or property within the state and (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses, or possesses real property situated within the state. N.Y. C.P.L.R. § 302(a); *Karoon,* 2016 WL 815278, at *3. None of the four limited circumstances exists here.

First, section 302(a)(1) does not apply because Charming Beats fails to show an "articulable nexus between the [alleged] business transacted and the cause of action sued upon." *Khan v. Emerald Operating Partners, LLC*, No. 19-CV-9597 (JSR), 2020 WL 85387, at *2 (S.D.N.Y. Jan. 2, 2020). Charming Beats alleges that the purported torts were "committed outside of the state." Am. Compl. ¶ 20. Unsurprisingly, then, Charming Beats alleges no facts plausibly suggesting that any of the relevant facts relate to Cruise's former lease at 250 Hudson Street—which is unsurprising, given that Cruise never occupied that space—or General Motors' office in Manhattan—out of which Cruise has never operated. Lastra Decl. ¶¶ 12, 13.

Second, section 302(a)(2) does not apply because Charming Beats does not plausibly allege a tortious action within New York by Voyage (or Cruise). Again, Charming Beats alleges that the purported torts were "committed outside of the state." Am. Compl. ¶ 20. Charming Beats offers only a bare conclusion that "[a]t bar, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district . . . ." *Id.* ¶ 27. That is a "conclusory statement . . . not supported by factual assertions stating that any particular act alleged in the complaint was sufficiently connected with New York to permit specific jurisdiction." *BWP Media*, 69 F. Supp. 3d at 351 n.3.

Third, section 302(a)(3) does not apply because Charming Beats fails to allege non-conclusory facts that show an injury in New York or that Voyage (or Cruise) does or solicits business in New York or engages in any other persistent course of conduct, or derive substantial revenue from New York. To determine the place of injury for purpose of section 302(a)(3), courts apply a "situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 791 (2d Cir. 1999) (quoting *Hermann v. Sharon Hosp., Inc.,* 522 N.Y.S.2d 581, 583 (App. Div. 1987)).

"[T]he situs of the injury is the location of the original event which caused the injury, *not the location where the resultant damages are felt by the plaintiff*." *Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir. 1990) (quoting *Carte v. Parkoff,* 543 N.Y.S.2d 718, 719 (App. Div. 1989)) (emphasis added). Charming Beats' allegation that the purported torts were committed *outside the state* is therefore dispositive.

The fact that Charming Beats claims to be in New York does not change this. A plaintiff's domicile or residence in New York does not suffice to establish an injury in New York. *Energy Brands Inc. v. Spiritual Brands, Inc.,* 571 F. Supp. 2d 458, 467 (S.D.N.Y. 2008).

Nor can "[t]he occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York . . . where the underlying events took place outside New York." *United Bank of Kuwait v. James M. Bridges, Ltd.,* 766 F. Supp. 113, 116 (S.D.N.Y. 1991).

Here, Charming Beats alleges no facts regarding injury in New York and merely recites the statutory language—i.e., a legal conclusion—verbatim. Am. Compl. ¶¶ 24–25. To the extent Charming Beats only alleges injury occurred in New York because it resides in New York, this is insufficient for purposes of section 302(a)(3). *See Energy Brands,* 571 F. Supp. 2d at 467. Further, the allegation that Charming Beats has its headquarters in New York is inconsistent with the exhibits attached to the original complaint and its own business filings. *See* Compl., Ex. 1 (ECF No. 1-1), at 3 (stating that Charming Beats is located in Florida); Dinh Decl., ¶¶ 8–9, Exs. 9–11 (Charming Beats registration to do business in Florida, with a principal place of business in Florida); *id.* ¶ 10, Ex. 12 (Charming Beats is not registered to do business in New York). Thus, even if its residence alone were sufficient to show injury in New York under section 302(a)(3) (which it is not), to the extent Charming Beats felt any harm based on its residence, such harm would have occurred in Florida, not New York.

That the allegedly infringing advertisement was on a website accessible in New York is insufficient to show regular business in New York for purposes of section 302(a)(3), particularly here, where Charming Beats does not allege Voyage (or Cruise) sold any goods in New York using the website. *See Sullivan v. Ringling Coll. of Art & Design, Inc*., No. 19-CV-1302 (RA), 2019 WL 6529823, at *36 (S.D.N.Y. Dec. 4, 2019). Charming Beats also fails to allege any facts regarding any revenue Voyage (or Cruise) derives from New York, much less the "substantial revenue" required by section 302(a)(3).

Lastly, section 302(a)(4) is inapplicable as neither Voyage nor Cruise owns, uses, or

possesses any real property in New York and the asserted causes of action do not arise from any

such property. Charming Beats does not allege that *Voyage* owns, uses, or possesses any real

property in New York. It does not, and never has. *See* Cameron Decl. ¶ 6. And Cruise did not

own, use, or possess any property "[a]t the time the action was commenced," the relevant time

period for purposes of section 302(a)(4). *Khanal v. Sheldon*, 851 N.Y.S.2d 59 (Table), 2007 WL

2850994, at *3 (Sup. Ct. 2007), *aff'd as modified,* 867 N.Y.S.2d 460 (App. Div. 2008). "CPLR s

302(a)(4) is confined to actions arising from the ownership, use or possession of real property;

the statute does not make ownership, use or possession of real property per se a basis of

jurisdiction." *Aluminal Indus., Inc. v. Newtown Com. Assocs.*, 89 F.R.D. 326, 329 (S.D.N.Y.

1980); *Karoon*, 2016 WL 815278, at *5. Again, Cruise's lease for 250 Hudson Street terminated

in 2021. Lastra Decl. ¶ 12. And, Cruise has never operated out of Manhattan. *Id.* ¶ 13. Further,

Charming Beats fails to allege any facts connecting any of its claims to the 250 Hudson Street

lease or General Motors' offices in Manhattan.

Because the Court lacks personal jurisdiction over Cruise, the amended complaint should

be dismissed pursuant to Rule 12(b)(2).

**B.     The amended complaint should be dismissed due to improper venue, because
        Cruise does not reside in and cannot be found in New York.**

For many of the same reasons that personal jurisdiction is lacking, venue is also

improper. Cruise does not reside in the district, and the complaint fails to allege any facts tying

the asserted claims to any conduct by Cruise or Voyage in the district.

"Venue in a copyright infringement suit is governed exclusively by 28 U.S.C. § 1400(a),"

which states that venue is proper "in the district in which the defendant or his agent resides or

may be found." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc*., 326 F. Supp. 2d 525, 528–

29 (S.D.N.Y. 2004). A defendant "may be found" where it is subject to personal jurisdiction.

*Roberts v. Keith*, No. 04 Civ. 10079 (CSH), 2007 WL 2712853, at *6 (S.D.N.Y. Sept. 18, 2007). Because the Court lacks personal jurisdiction over Cruise, Cruise does not reside in and may not be found in New York.

The district is also an improper venue for the DMCA claim. Venue is proper only in a judicial district (1) in which "any defendant resides, if all defendants are residents of the State in which the district is located," or (2) in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). None of these applies here.

First, the conclusory allegations that Cruise "resided in this judicial district," was "properly domiciled in this judicial district," had "a headquarters at 250 Hudson St," and "operates in New York through General Motors offices" are incorrect, and insufficient to satisfy section 1391(b)(1). Am. Compl. ¶¶ 3, 6, 28. Under section 1391(c)(2), a company's residency depends on where the "defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Because the Court lacks personal jurisdiction over Cruise in this dispute, Cruise is not a resident of New York. Cruise, the only named defendant, does not reside in the district. Cruise resides in Delaware and in California, not New York. *See* Lastra Decl. ¶ 4. Cruise has no offices in New York and has never operated out of any office in Manhattan. *Id.* ¶¶ 11, 13.

Second, section 1391(b)(2) is inapplicable because Charming Beats does not plausibly allege a single event or omission that occurred in the district, or that a substantial part of property that is the subject of the action is situated in the district. To the contrary, Charming Beats alleges

11

that the purported torts were "committed outside of the state." Am. Compl. ¶ 20. Charming Beats

contradictory assertion that a "substantial part of the events or omissions giving rise to the claim

occurred in this judicial district" is a bare conclusion that is insufficient for venue purposes. *See*

*BWP Media*, 69 F. Supp. 3d at 351 n.3 (disregarding conclusory allegation of venue).

Finally, section 1391(b)(3) applies only "if there is no district in which an action may

otherwise be brought." But Charming Beats could have brought this action in the Northern

District of California, where Cruise resides and maintains its principal place of business. *See*

Lastra Decl. ¶ 4. Or, Charming Beats could have brought this action in the District of Delaware,

where Cruise is incorporated. *Id.*

Because the Southern District of New York is not a proper venue for this case, the Court

should dismiss the amended complaint pursuant to Rule 12(b)(3).

### C.     The amended complaint also fails state a claim upon which relief can be granted, because the well-pleaded allegations do not render the claims plausible.

Should the Court find jurisdiction over Cruise and that venue is proper, the Court should

nonetheless dismiss the amended complaint under Rule 12(b)(6) because it does not state a claim

upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a

complaint must allege facts sufficient to state a claim for relief that is "plausible on its face." *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Port Dock & Stone Corp. v. Oldcastle Ne.,

Inc.*, 507 F.3d 117, 121 (2d Cir. 2007). If a plaintiff fails "to plead the necessary elements" of a

claim, the claim must be dismissed. *Demalco Ltd. v. Feltner*, 588 F. Supp. 1277, 1279 (S.D.N.Y.

1984).

To withstand a motion to dismiss, a properly pleaded copyright infringement claim must

allege: (i) which specific original work is the subject of the claim, (ii) that plaintiff owns the

copyright in the work, (iii) that the copyright has been registered in accordance with the statute, and (iv) by what acts during what time the defendant infringed the copyright. *Brought to Life Music, Inc. v. MCA Recs., Inc*., No. 02 CIV. 1164 (RWS), 2003 WL 296561, at *1 (S.D.N.Y. Feb. 11, 2003). "[T]he complaint needs to contain some factual allegations to narrow the infringing acts beyond broad conclusory statements of infringement." *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013). Given "the principle enshrined in Rule 8—namely, to provide defendants fair notice against them—a plaintiff . . . may not rest on bare-bones allegations that infringement occurred." *Id.* "Instead, Rule 8 requires that the alleged infringing acts be stated with some specificity." *Id.* at *2.

First, Charming Beats does not plausibly allege that *Cruise* has infringed any copyright. Charming Beats alleges that Cruise "purchased and otherwise took control of" Voyage, and that "Voyage's liabilities" "were moved to Cruise." Am. Compl. ¶¶ 36–37. But those are mere conclusions, pleaded without any factual support. *See Zeitlin v. Palumbo*, 532 F. Supp. 3d 64, 69 (E.D.N.Y. 2021) (complaint dismissed where "Plaintiff offer[ed] virtually no information that would connect defendants" to the wrongful conduct.). The amended complaint offers no nonconclusory facts that support naming Cruise as a defendant.

Second, Charming Beats asserts that in March 2020, Voyage created an advertisement that included the 4BC recording. Am. Compl. ¶ 38. Charming Beats alleges no *facts* in support of this conclusion, and an exhibit to the amended complaint strongly implies the allegation is incorrect. The letter attached to the amended complaint asserts that the advertisement was displayed "on the Voyage website located at" a particular URL. ECF No. 22-7, at 2. The web page at the referenced URL is dated October 4, 2017:



Published in **Voyage**

Oliver Cameron   [Follow]

Oct 4, 2017 · 4 min read · ● Listen

# Voyage's First Self-Driving Car Deployment

Our self-driving taxi service launch in a 4,000 resident community



Dinh Decl., ¶ 7, Ex. 8. Charming Beats thus has not plausibly alleged an advertisement made in 2020. *See* Fed. R. Civ. P. 8; *Palmer Kane*, 2013 WL 709276, at *2.[6]

Third, Charming Beats asserts Voyage made a video that reproduced the 4BC recording "without license or authority," but pleads no facts to support its conclusion. Am. Compl. ¶¶ 18–19, 38–39. In *Palmer Kane*, the court dismissed a complaint where plaintiff similarly offered "several broad assertions that [defendant] 'exceeded the licenses it obtained to use Plaintiff's images, reused Plaintiffs works without a license' and used the images 'without permission' or 'prior to obtaining permission.'" 2013 WL 709276, at *3. This was because "absent any factual

---

[6] No video is displayed at that webpage now, and no video was available at that website when Charming Beats first reached out to General Motors about the purported infringement. *See* Am. Compl. ¶¶ 36, 43, 46 & Ex. 7 (alleging that Cruise purchased Voyage in May 2021, that the video was available on Voyage's website for eight months after that—*i.e.,* until about January 2022—and that Charming Beats first reached out to General Motors about the purported infringement on May 24, 2022).

support, [the complaint] merely state[d] a legal conclusion insufficient to withstand a motion to dismiss." *Id.* (quoting *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 228 (S.D.N.Y. 2000)). Furthermore, Charming Beats is not the original copyright owner, *see* ECF No. 1-1 at 3–11 (copyright assignment), but fails to offer any facts showing what licenses a prior copyright owner may have granted to the 4BC recording. Thus, it provides no plausible support for its assertion that Cruise acted without license or authority.

Finally, Charming Beats alleges that a video posted to YouTube *by someone else* that is over forty-one minutes in length includes, in a brief portion of the video, the advertisement that Voyage made. *See* Am. Compl. ¶ 42. Charming Beats asserts in conclusory fashion that Voyage or Cruise distributed the advertisement to this person, and that this purportedly was for the purpose of posting the advertisement to YouTube. *Id.* ¶ 41. But Charming Beats pleads no *facts* that would render these conclusions plausible. To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant "with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,* 443 F.2d 1159, 1162 (2d Cir. 1971). Material contribution "exists if the defendant engages in 'personal conduct that encourages or assists the [third-party] infringement.'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010). This requirement "will not be satisfied by 'allegations that a defendant merely provided the means to accomplish an infringing activity.'" *Lefkowitz v. John Wiley & Sons, Inc.*, 2014 WL 2619815, at *11 (S.D.N.Y. June 2, 2014). "Rather, participation in the infringement must be *substantial* and the . . . assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer." *BWP Media*, 69 F. Supp. 3d at 357 (emphasis added).

In short, Charming Beats does not a plausibly allege contributory or direct copyright infringement. *See* Am. Compl. ¶¶ 57–64, 72–76. Because its claim for violations of the DMCA stem from its copyright infringement claim, the DMCA claim likewise fails. *See id.* ¶¶ 65–71.

**D.    Dismissal should be ordered without leave to amend.**

Grant or denial of leave to amend is within the discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Although leave to amend "shall be freely given *when justice so requires,*" Fed. R. Civ. P. 15(a) (emphasis added), justice does not always so require. Leave to amend may properly be denied where the record supports a finding of bad faith or dilatory motive on the part of the plaintiff. *Foman,* 371 U.S. at 182.

In amending its complaint, Charming Beats made no *material* amendments to its allegations. This is plain from the fact that Cruise's memorandum of law in support of the present motion to dismiss is practically identical to its memorandum in support of its motion to dismiss the original complaint. *See* Dinh Decl., Ex. 13. In its amended complaint—filed one day after the motion to dismiss—Charming Beats made no serious attempt to cure any of the deficiencies noted by Cruise in its original motion. Instead, it took its one shot at amending as of right, forcing Cruise to file a new motion. The amendment accomplished nothing other than to delay adjudication of the motion to dismiss. The Supreme Court's decision in *Foman* recognizes that justice does not require allowing repeated piecemeal amendment that burdens the resources of the parties and the Court by requiring the filing of multiple motions to dismiss. Charming Beats should not be allowed further leave to amend to correct deficiencies that Cruise already pointed out in the original complaint, prior to the filing of the amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, the amended complaint should be dismissed, without leave to

amend, for lack of personal jurisdiction under Rule 12(b)(2) and for improper venue under Rule

12(b)(3). The amended complaint also fails to state a claim under Rule 12(b)(6), but the Court

should reach that issue only if it asserts personal jurisdiction and concludes that venue is proper

in this district.

Dated:  San Francisco, California
        October 5, 2022

Hillel I. Parness (HP-1638)
PARNESS LAW FIRM, PLLC
136 Madison Ave., 6th Floor
New York, New York  10016
212-447-5299
hip@hiplaw.com

        /s/ Michael S. Kwun
Michael S. Kwun*
mkwun@kblfirm.com
Elizabeth H. Dinh*
ldinh@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
 San Francisco, CA 94111
415-630-2350
*Pro hac vice motions pending

*Attorneys for Defendant Cruise LLC*

17